Janet K. Larsen, OSB No. 950279
larsenj@lanepowell.com
Kristen L. Price, OSB No. 175700
pricek@LanePowell.com
**LANE POWELL PC**
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Defendant Melissa Adams

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| REZA MOTAMENI, an individual, | Case No. _____ |
| Plaintiff, | **DEFENDANT MELISSA ADAMS'** |
| v. | **NOTICE OF REMOVAL AND** |
| | **DEMAND FOR JURY TRIAL** |
| MELISSA ADAMS, an individual formerly known as Melissa Motameni, | Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 |
| Defendant, | |
| and | |
| MOTO-BIZ, INC., an Oregon corporation, | |
| Nominal Defendant. | |

TO: United States District Court for the District of Oregon, Portland Division; Clerk of the Multnomah County Circuit Court; and Nick Henderson, attorney for Plaintiff

PLEASE TAKE NOTICE that defendant Melissa Adams ("Adams"), by and through her undersigned counsel, petitions this Court under 28 U.S.C. §§ 1332, 1441, and 1446 for the removal to this Court of this action based on diversity jurisdiction.  The matter is currently pending in the Circuit Court of the State of Oregon for the County of Multnomah as Case No. 21CV15255.  The grounds for the removal are as follows:

PAGE 1 – DEFENDANT MELISSA ADAMS' NOTICE OF REMOVAL

1.      On or about April 20, 2021, Plaintiff Reza Motameni ("Plaintiff") initiated this action by filing a Complaint against Adams and identified Moto Biz, Inc. ("Moto Biz") as a nominal defendant in the Circuit Court of the State of Oregon for the County of Multnomah.  On or about July 6, 2021, Plaintiff filed a First Amended Complaint ("FAC") against Adams and, again, identified Moto Biz as the nominal defendant.

2.      On July 13, 2021, at approximately 7:30 p.m., Plaintiff personally served Adams with the Summons and First Amended Complaint at her home in Monterey, California.

3.      In the FAC, Plaintiff asserts the following claims :  (1) Close Corporation Remedies – ORS 60.952; (2) Breach of Duty of Care; (3) Breach of Duty of Loyalty; (4) Injunctive Relief; and (5) Declaratory Relief.  (FAC at ¶¶ 22-38.)

4.      Plaintiff seeks at least $3,050,000 in damages from Adams.  (FAC at ¶ 26(v), 30(a)-(c), 34.)  Plaintiff also seeks costs and attorney fees.  (FAC, Demand for Relief at ¶ 4.)

## STATUTORY REQUIREMENTS

5.      Removal of this case is proper pursuant to this Court's diversity jurisdiction as set forth in 28 U.S.C. §§ 1332, 1441, and 1446.  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Adams have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.  *See* 28 U.S.C. § 1332(a)(2).

6.      Citizenship of Parties.  Plaintiff and Adams are of diverse citizenships.

(a)      To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state.  *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return.  *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

(b)      Plaintiff has been, and continues to be a citizen and resident of State of Oregon.  He currently resides at 24250 South Powder Road, Beavercreek, Oregon 97004.

PAGE 2 – DEFENDANT MELISSA ADAMS' NOTICE OF REMOVAL

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719105.0001/8422275.7

(c)    Adams is not a citizen of Oregon where this action was brought, resulting in complete diversity allowing removal by non-resident defendant.  28 U.S.C. §§ 1441, *et seq.* Adams is a citizen of California.  She currently resides in Monterey, California.  Adams has been a resident of California since 2012 and intends to remain a resident of California for the foreseeable future.

(d)    Nominal defendant Moto-Biz is an Oregon corporation with its principal place of business in Portland, Oregon.  (FAC at ¶ 1.)  Although Moto-Biz is also a citizen of Oregon, Moto Biz is a "nominal" defendant.  *Shapiro v. Citibank, N.A.* ---Fed. Appx. ---2021 WL 1972508 (nominal party includes "a party against whom no claims are brought, [citation omitted] and whose role is limited to "that of a stakeholder" in the underlying action [citation omitted]); *See also Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1133 (9th Cir.2002) ("Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder.").  "A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

(e)    Because Plaintiff is a citizen of Oregon and Adams is a citizen of California, complete diversity is accomplished, allowing removal by the non-resident defendant.  28 U.S.C. §§ 1441, *et seq*.

7.    <u>Amount of Controversy</u>.  Adams denies Plaintiff is entitled to the relief sought, but Plaintiff's allegations and requested relief place more than $75,000 in controversy, exclusive of interest and costs.  Plaintiff seeks a total of $3,050,000 in damages.  (FAC at ¶ 26(v), 30(a)-(c), 34.)  Plaintiff's allegations satisfy the jurisdictional prerequisite for the amount in controversy because it cannot be said to a legal certainty Plaintiff would not be entitled to recover the jurisdictional amount.  *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship*, 20 F.3d 383, 386-87 (10th Cir. 1994).

PAGE 3 –  DEFENDANT MELISSA ADAMS' NOTICE OF REMOVAL

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719105.0001/8422275.7

## PROCEDURAL REQUIREMENTS

8.  <u>Venue</u>. This Court is in the judicial district and division where the state court action was brought and is pending. Thus, it is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

9.  <u>Removal is Timely</u>. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed, having been filed within thirty (30) days after service of the FAC and Summons on Adams.

10.  <u>Removal to Proper Court</u>. Concurrent with the filing of this Notice of Removal, Adams has provided written notice of removal to Plaintiff and filed a copy of this Notice of Removal with the Clerk of the Circuit Court for the State of Oregon for the County of Multnomah pursuant to 28 U.S.C. § 1446(d).

11.  <u>Pleadings and Process</u>. Attached as **Exhibit 1** is a copy of all process and pleadings filed in the state court action pursuant to U.S.C. § 1446(a).

12.  <u>Notice</u>. A copy of the Notice of Removal to federal court will be timely filed with the clerk of the state court in which the action is pending and served on Plaintiff pursuant to 28 U.S.C. § 1446(d). A copy of the Notice to Clerk of the Court and Adverse Party of Filing of Notice of Removal to Federal Court will be served promptly on Plaintiff pursuant to 28 U.S.C. §§ 1446(a), (d).

13.  <u>Consent</u>. As a nominal defendant, Moto-Biz need not consent to removal. *See Hewitt v. City of Stanton,* 798 F.2d 1230, 1233 (9th Cir. 1986). "This 'nominal party exception' ensures that only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co*., 736 F3d 256, 259 (4th Cir. 2013).

14.  <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

15.  Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719105.0001/8422275.7

16.      In the event Plaintiff seeks to remand this case or the Court considers remand *sua sponte*, Adams respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

## **DEMAND FOR JURY TRIAL**

17.      Pursuant to Rule 38(b) and Rule 81(c)(3) of the Federal Rules of Civil Procedure and LR 38-1 Adams demands a jury trial of issues triable of right by a jury in this matter.

## **CONCLUSION**

Adams hereby removes this case to federal court and respectfully prays that this Court proceed with this action as if it had originally commenced in this Court, and make all orders necessary and appropriate to effectuate this removal.  Adams also demands a jury trial of any issues that are triable of right by a jury in this matter.

DATED:  August 11, 2021

LANE POWELL PC

By:     *s/ Janet K. Larsen*
            Janet K. Larsen, OSB No. 950279
            Kristen L. Price, OSB No. 175700
            Telephone:  503.778.2100
            Attorneys for Defendant Melissa Adams

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| REZA MOTAMENI, an individual, | Case No. |
| Plaintiff, | COMPLAINT |
| v. | (Close Corporation Remedies, Breach of Fiduciary Duties of Care and Loyalty, Injunction, Declaratory Relief) |
| MELISSA ADAMS, an individual formerly known as Melissa Motameni, | |
| Defendant, | NOT SUBJECT TO MANDATORY ARBITRATION |
| and | PRAYER: EQUITABLE RELIEF |
| MOTO-BIZ, INC., an Oregon corporation, | FEE AUTHORITY: ORS 21.135(1) |
| Nominal Defendant. | |

Plaintiff Reza Motameni ("***Plaintiff***") complains and alleges as follows:

**JURISDICTION AND VENUE**

1.

Pursuant to ORS 63.664(1), venue is proper because at all times material MFE was registered to do business in the State of Oregon and 's principal place of business is located in the City of Portland, Multnomah County, Oregon.

2.

Plaintiff is a director and officer of Nominal Defendant Moto-Biz, Inc. (the "***Company***"). Plaintiff holds 50% of the Company's outstanding shares of stock, and was a shareholder of the

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

**Exhibit 1**
**Page 1 of 27**

1    Company when the transactions complained of occurred.

2                                       3.

3         Defendant Melissa Adams, formerly known as Melissa Motameni ("***Defendant***"), is also

4    a director and officer of the Company.  Defendant also holds 50% of the Company's outstanding

5    shares of stock.

6                                       4.

7         Plaintiff did not make any pre-filing demand on the Company to obtain action by the

8    board of directors. The Company has two directors, who equally own all outstanding shares, and

9    the Plaintiff's claims are based on the Defendant's willful refusal to act in the Company's best

10   interest as a shareholder. Any further demand of the board would be futile.

11                              **BACKGROUND**

12                      **Company Formation and Growth**

13                                      5.

14        The Company was incorporated in the state of Oregon on October 22, 1991.  At the time

15   it was incorporated, it had two shareholders, Plaintiff and Defendant, each holding 50% of the

16   Company's outstanding shares of stock.  After the Company was incorporated, Plaintiff and

17   Defendant were elected as the Company's only directors.

18                                      6.

19        Plaintiff and Defendant both signed all key legal documents needed for operating the

20   business, including but not limited to personal guaranties, tax returns, license agreements, etc.

21   By agreement of the parties, Defendant was appointed to the role of President of the Company,

22   and Plaintiff was named Secretary of the Company.  However, Plaintiff was put in charge of

23   operating the business and making all business-related decisions.  At the time the Company was

24   formed and began operations, Plaintiff and Defendant were married.

25                                      7.

26        After its formation, the Company began operating a salon business at a single location in

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com
**Exhibit 1**
**Page 2 of 27**

Portland, Oregon. During the first 15 years of business, the Company grew its operations to four salons. By 2010, Dosha became the largest Salon business in the Portland area.

### Discord, Divorce, and Management Changes

8.

In 2009, Plaintiff and Defendant were divorced. The divorce had the unintended side-effect of placing a strain on the Company for the next couple of years, due to discord between the Company's two principals.

9.

In 2011, Plaintiff and Defendant discussed options for the Company's leadership moving forward. Plaintiff and Defendant both offered to step out of the Company and let the other party manage the Company's affairs. Ultimately, the parties agreed that Plaintiff would manage the Company's operations, and that Defendant would completely step out of any management role for the Company. This agreement effectively resulted in Defendant's resignation from her role as the Company's president, and Plaintiff's appointment to the role as the Company's president. Following this agreement, Defendant moved to California in 2012.

10.

From 2011 until 2019, Plaintiff managed the Company's business affairs by himself, and the Company continued to thrive. Under Plaintiff's management, the Company opened three more salon locations. At all times, Plaintiff kept Defendant regularly informed of the Company's status, and communicated with Defendant regarding large decisions and documents requiring signatures from both shareholders.

### Financial Challenges Occur and Get Worse with the Pandemic

11.

In 2016, the Company began to experience a series of challenges. First, in October of 2016, the Company's Northwest Portland location experienced a massive flood from a water break in a condominium unit on the 4th floor of the same building. The location was forced to

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

Exhibit 1
Page 3 of 27

1    close for over four months for repairs and remodeling.

2                                      12.

3           For several months after reopening in January of 2017, the Northwest Portland location

4    struggled to rebuild and recapture clientele following the flood-related closure.  In October of

5    2017, just as the location was starting to build momentum, another disaster struck.  A gas leak

6    was ignited at the property adjacent to the Company's location, which caused an explosion that

7    demolished the Company's Northwest location.

8                                      13.

9           In March of 2018, the Company opened a new location in Northwest Portland, to replace

10   the location that was destroyed by the explosion.

11                                     14.

12          Despite the setbacks and challenges it faced at its Northwest Portland location, the

13   Company was able to open a new location in West Linn in 2018—the Company's seventh

14   location.  The Company also relocated its Clackamas location to a better location at the local

15   mall.

16                                     15.

17          As a result of the moves, openings, the Company's debt load related to purchasing a new

18   location, and the location closures, the Company's income and cash flow were significantly

19   reduced.  Additionally, the Company's expenses increased as a result of increased wages and

20   benefits for employees, increased rent expenses, etc.  The Company's financial struggles

21   continued throughout the end of 2019.

22                                     16.

23          In 2020, the COVID-19 pandemic arrived, causing a catastrophic impact on the

24   Company.  In March of 2020, the governor's executive orders required the closure of all of the

25   Company's salons for a significant period of time.  These closures had a severe impact on the

26   Company's financial position, effectively eliminating the Company's revenue.  Plaintiff loaned

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com
Exhibit 1
Page 4 of 27

1   more than $100,000 to the Company to cover payroll and other expenses for the Company.  This

2   new loan was in addition to previous loans Plaintiff has made to keep the Company operating.

3                                              17.

4       Plaintiff worked tirelessly to help the Company overcome its financial challenges, and to

5   survive during the COVID-19 pandemic.  Plaintiff was able to obtain a Paycheck Protection

6   Program ("**PPP**") loan for the Company, and has tracked and documented Company expenses to

7   cause the PPP loan to be fully forgiven.  Additionally, Plaintiff has hired counsel for the

8   Company to pursue insurance coverage claims related to the destruction of the Company's

9   Northwest Portland location.  In addition to all of the extra activities described above, Plaintiff

10  continued to manage the Company's business affairs for all of the Company's locations, without

11  any assistance from Defendant.

12      **Defendant Returns to Thwart the Company's Operations and Promote Deadlock**

13                                             18.

14      From the date the Company was formed, to the present, Plaintiff has not been paid a

15  salary, nor has he been otherwise compensated for his management efforts.  Initially, Plaintiff

16  and Defendant were both compensated equally, through draws or distributions paid by the

17  Company.  Those "partnership payments" continued after Plaintiff's divorce from Defendant,

18  even though Defendant had moved to California and was no longer participating in the

19  management of the Company.  On many occasions, Defendant unilaterally withdrew funds from

20  Company accounts, claiming that she was entitled to her "partnership payments."  Defendant

21  withdrew such payments even during times when the Company did not have sufficient profits to

22  distribute to owners.  Plaintiff refrained from taking draws at times when the Company was not

23  profitable.  As a result, Defendant has been paid approximately $90,000 more for draws than

24  Plaintiff has received.

25                                             19.

26      Beginning in June of 2019, Plaintiff caused the Company to cease paying draws to

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

**Exhibit 1**
**Page 5 of 27**

himself and to Defendant, due to waning profits. Following that decision, Defendant became difficult and obstructive, and began to actively oppose Plaintiff's business decisions. Defendant began to assert that she is still President of the Company, despite having abandoned her position several years prior. Defendant asserted that she alone held the authority to execute certain documents on the Company's behalf, and, without a legitimate business purpose, Defendant refused to execute certain documents for the Company, as follows:

a.    In 2020, Plaintiff hired counsel to pursue insurance coverage claims for the Company, related to the destruction of the Northwest Portland salon. Those efforts resulted in a favorable settlement and a successful recovery of insurance proceeds, which are currently held in trust with Company counsel (the "***Trust Funds***"). Defendant has refused to authorize counsel to release the Trust Funds to the Company for the Company's use;

b.    Defendant has refused to sign necessary documents that would enable the Company to apply for second forgivable PPP loan for more than $800,000, which the Company could use to pay for necessary business expenses; and

c.    Defendant has refused to authorize lease renewal documents for one of the Company's more profitable locations, and the lease for such location is set to expire shortly.

d.    Defendant refused to provide information and documentation necessary for the Company to obtain credit in its own name.

20.

In addition to standing in the way of the Company's ongoing business efforts, Defendant has engaged in activities to distract Plaintiff from operating the business. Since the time her draws were terminated, Defendant began demanding documents and financial statements from Plaintiff, despite the fact that Plaintiff had already been providing financial documentation to Defendant on a regular basis. Plaintiff produced additional information to satisfy Defendant's requests. Plaintiff provided the Company's entire general ledger to Defendant, to refute Defendant's unfounded allegations that Plaintiff had misused Company funds.

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

**Exhibit 1**
**Page 6 of 27**

21.

Defendant's obstructive actions and refusals to sign critical documents were done without a legitimate business purpose. Instead, Defendant's efforts were designed to block decision-making for the Company, so that Defendant could then leverage the Company's precarious financial state to obtain compensation or a favorable buyout of her shares in the Company.

22.

Plaintiff made numerous demands to Defendant via email in January, February and March of 2021. Additionally, Plaintiff and Defendant attended a mediation session in an attempt to resolve their differences and break the deadlock. The mediation was unsuccessful, the Parties were unable to resolve their differences, and the directors and shareholders remain deadlocked. This action followed.

**FIRST CLAIM FOR RELIEF**
**Close Corporation Remedies – ORS 60.952**

23.

Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

24.

The Company is a closely-held corporation which does not have shares listed on a national securities exchange or which are regularly traded in a market maintained by one or more members of a national or affiliated securities association.

25.

The Company's directors are deadlocked in the management of the corporate affairs, the shareholders are unable to break the deadlock and irreparable injury to the corporation is threatened or being suffered, and the business and affairs of the corporation can no longer be conducted to the advantage of the shareholders generally, because of the deadlock.

26.

As a 50% shareholder and a director, Defendant exerts control over the Company, by

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

**Exhibit 1**
**Page 7 of 27**

objecting to actions Plaintiff intends to take to benefit the Company.   Defendant is unwilling to

actively participate in the Company's business operations, but she demands that Plaintiff manage

the Company's affairs without salary or other compensation.  In doing so, Defendant has acted in

an oppressive manner, which has damaged the Company, and which threatens to cause further

harm to the Company.

27.

To promote the best interests of the Company, the Court should enter judgment to

provide the following remedies:

i.       Pursuant to ORS 60.952(2)(a), requiring Defendant to perform the following:

      a)   Execute documents necessary to allow Company counsel to deliver the Trust
Funds to the Company, after payment of counsel's fees and costs.

      b)   Execute documents necessary for the Company to apply for a PPP loan; and

      c)   Execute documents necessary to confirm that Plaintiff has the full and exclusive
authority to act on the Company's behalf in negotiating and signing a new lease or
lease renewal for the Company's Bridgeport location.

ii.     Pursuant to ORS 60.952(2)(b), altering the Company's bylaws to reduce the number

of directors from two to one;

iii.     Pursuant to ORS 60.952(2)(c), to the extent not already accomplished by the Parties'

2011 agreement, removing Defendant from any position as a director or officer of the Company;

iv.     Pursuant to ORS 60.952(2)(d), to the extent not already accomplished by the Parties'

2011 agreement, appointing Plaintiff to be the Company's President.

v.     Pursuant to ORS 60.952(2)(e), requiring an accounting and settlement of the

shareholder's capital accounts, and compensating Plaintiff for of any amounts paid to Plaintiff or

Defendant from the Company, and for judgment against Defendant in an amount necessary to

settle the shareholders' capital accounts.  Plaintiff is entitled judgment in an amount to be proven

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

Exhibit 1
Page 8 of 27

at trial, but believed to exceed $90,000;

vi.     Pursuant to ORS 60.952(2)(j), awarding damages to Plaintiff in the amount of $150,000 per year, or other reasonable amounts to be determined at trial, for the period of time Plaintiff has been actively managing the Company's business affairs alone, after Defendant relocated to California; and

vii.     Pursuant to ORS 60.952(2)(i), compelling the purchase by the Company or Plaintiff of all of the shares held by Defendant for the shares' fair value and on the terms determined by the Court pursuant to ORS 60.952(5).

## SECOND CLAIM FOR RELIEF
### Breach of Duty of Care

28.

Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

29.

As a director and officer of the Company, Defendant owed the Company and its shareholders a duty of care, which requires Defendant to take action using the care that an ordinarily prudent person in a similar position would exercise under the same circumstances.

30.

Defendant willfully and materially breached her duty of care to the Company in at least the following ways:

a.     Defendant relocated to California, leaving Plaintiff to manage all of the day to day operations for the Company;

b.     Defendant refused, without a legitimate business purpose, to sign documents that would authorize Company counsel to return the Trust Funds to the Company;

c.     Defendant refused, without a legitimate business purpose, to sign documents that would enable the Company to apply for a forgivable PPP loan in excess of $800,000, which

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

Exhibit 1
Page 9 of 27

would assist the Company overcome its financial challenges; and

      d.     Defendant refused, without a legitimate business purpose, to sign documents that would confirm Plaintiff's authority to negotiate and renew a Company lease for one of its profitable locations.

      e.     Defendant objected and continues to object to all business decisions made by Plaintiff, to leverage the Company's financial situation for her personal gain.

31.

The Company and Plaintiff are entitled to judgment against Defendant for damages suffered by both, as follows:

      a.     First, Plaintiff is entitled to a judgment for compensation for managing the Company's day to day business affairs in Defendant's absence, in an amount to be proven at trial, but believed to exceed $1,350,000, or $150,000 per year for nine years; and

      b.     Second, the Company is entitled to compensation from Defendant for any interest or fees that accrued as a result of Defendant's failure to authorize the timely release of the Trust Funds, and payment of counsel and the Company's retained experts from those funds. The Company is entitled to a judgment for such interest and fees in an amount determined at trial, but believed to exceed $5,000.

### THIRD CLAIM FOR RELIEF
### Breach of Duty of Loyalty

32.

Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

33.

As a director and officer of the Company, Defendant owed the Company and its shareholders a duty of loyalty, which requires the directors to put the interests of the Company ahead of their personal interests.

34.

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

Exhibit 1
Page 10 of 27

1    Through her wrongful conduct, as described above, Defendant willfully and materially

2    breached her duty of loyalty to the Company and its shareholders.

3                                                35.

4    The Company is entitled to judgment for damages in an amount to be proven at trial, but

5    believed to exceed $5,000 for interest and fees incurred by the Company due to Defendant's

6    conduct.

7                            **FOURTH CLAIM FOR RELIEF**
                                   **(Injunctive Relief)**
8

9                                            36.

10   Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

11                                           37.

12   Defendant resigned from her role as president of the Company, and agreed that Plaintiff

13   would fulfill that role.  Now, in breach of the fiduciary duties described above, Defendant has

14   taken the contradictory position of asserting that she is still the Company's president while

15   simultaneously refusing to manage the Company's day to day affairs or take actions necessary to

16   preserve the Company's business.  Such actions include executing documents necessary to

17   obtain the Trust Funds and a forgivable PPP loan, both of which the Company urgently needs to

18   survive the economic difficulty caused by the COVID-19 pandemic.  Plaintiff and the Company

19   have been and will continue to be irreparably harmed by Defendant's conduct, because, unless

20   enjoined, the Company will be unable to apply for a second PPP loan by the May 31, 2021 loan

21   application deadline.  Plaintiff and the Company do not have an adequate remedy at law.

22   Accordingly, the Plaintiff and the Company are entitled to a temporary, preliminary and

23   permanent injunctive relief in the form of an order enjoining Defendant from participating in the

24   Company's day to day affairs, asserting that she is still the Company's president, or interfering

25   with Plaintiff's management of the Company.

26

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

**Exhibit 1**
**Page 11 of 27**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**FIFTH CLAIM FOR RELIEF**
**(Declaratory Relief)**

38.

Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

39.

Pursuant to ORS § 28.010 *et seq.,* the Court should declare that the Plaintiff is the President of the Company, that the Defendant resigned her position with the Company under the parties' 2011 agreement, and that all actions taken by the Plaintiff for the benefit of the Company as its *de facto* President in reliance on the parties 2011 are the action the Company.

**DEMAND FOR RELIEF**

Plaintiff therefore requests that judgment be entered against Defendant, and in favor of Plaintiff and the Company, as follows:

1.      Providing Plaintiff and the Company remedies described in ORS 60.952, including but not limited to confirmation of Defendant's removal from her role as president of Moto-Biz, Inc., formal appointment of Plaintiff as president of Moto-Biz, Inc., alteration of the Company's bylaws, an accounting and balancing of capital accounts, compensation for Plaintiff's management efforts, and the requirement that Defendant sell her Company stock to Plaintiff or the Company for fair value as determined by the Court;

2.      Declaring that the Plaintiff is the President of the Company, that the Defendant resigned her position with the Company under the parties' 2011 agreement, and that all actions taken by the Plaintiff for the benefit of the Company as its de facto President in reliance on the parties 2011 are the action the Company;

3.      Awarding damages in an amount sought above or as otherwise determined at trial;

4.      Awarding Plaintiff his attorneys' fees, costs and disbursements in this action; and

5.      Awarding Plaintiff and the Company any further relief that the Court finds

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

**Exhibit 1**
**Page 12 of 27**

1    appropriate or just.

2                                        DATED this 20th day of April, 2021.

3                                        MOTSCHENBACHER & BLATTNER LLP

4                                        By:  s/ Nicholas J. Henderson
5                                        Nicholas J. Henderson, OSB # 074027
                                         Of Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

Exhibit 1
Page 13 of 27

IN THE CIRCUIT COURT FOR THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| REZA MOTAMENI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MELISSA ADAMS, an individual formerly known as Melissa Motameni,<br><br>Defendant,<br><br>and<br><br>MOTO-BIZ, INC., an Oregon corporation,<br><br>Nominal Defendant. | Case No. 21CV15255<br><br>FIRST AMENDED COMPLAINT<br><br>(Close Corporation Remedies, Breach of Fiduciary Duties of Care and Loyalty, Injunction, Declaratory Relief)<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>PRAYER: $1,480,000<br><br>FEE AUTHORITY: ORS 21.160(1)(d); ORS 21.105(2); Or Laws 2019, ch 605, § 11(3) (HB 3447) |

Plaintiff Reza Motameni ("***Plaintiff***") complains and alleges as follows:

**JURISDICTION AND VENUE**

1.

Pursuant to ORS 63.664(1), venue is proper because at all times material the Nominal Defendant, Moto-Biz, Inc. was registered to do business in the State of Oregon and its principal place of business is located in the City of Portland, Multnomah County, Oregon.

2.

Plaintiff is a director and officer of Nominal Defendant Moto-Biz, Inc. (the "***Company***"). Plaintiff holds 50% of the Company's outstanding shares of stock.

/ / / /

/ / / /

Page 1 of 13    FIRST AMENDED COMPLAINT

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

**Exhibit 1**
**Page 14 of 27**

3.

Defendant Melissa Adams, formerly known as Melissa Motameni ("***Defendant***"), is also a director and officer of the Company.  Defendant also holds 50% of the Company's outstanding shares of stock.

**BACKGROUND**

**Company Formation and Growth**

4.

The Company was incorporated in the state of Oregon on October 22, 1991.  At the time it was incorporated, it had two shareholders, Plaintiff and Defendant, each holding 50% of the Company's outstanding shares of stock.  After the Company was incorporated, Plaintiff and Defendant were elected as the Company's only directors.

5.

Plaintiff and Defendant both signed all key legal documents needed for operating the business, including but not limited to personal guaranties, tax returns, license agreements, etc.  By agreement of the parties, Defendant was appointed to the role of President of the Company, and Plaintiff was named Secretary of the Company.  However, Plaintiff was put in charge of operating the business and making all business-related decisions.  At the time the Company was formed and began operations, Plaintiff and Defendant were married.

6.

After its formation, the Company began operating a salon business at a single location in Portland, Oregon.  During the first 15 years of business, the Company grew its operations to four salons.  By 2010, Dosha became the largest Salon business in the Portland area.

////

////

////

////

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

**Exhibit 1**
**Page 15 of 27**

**Discord, Divorce, and Management Changes**

7.

In 2009, Plaintiff and Defendant were divorced.  The divorce had the unintended side-effect of placing a strain on the Company for the next couple of years, due to discord between the Company's two principals.

8.

In 2011, Plaintiff and Defendant discussed options for the Company's leadership moving forward.  Plaintiff and Defendant both offered to step out of the Company and let the other party manage the Company's affairs.  Ultimately, the parties agreed that Plaintiff would manage the Company's operations, and that Defendant would completely step out of any management role for the Company.  This agreement effectively resulted in Defendant's resignation from her role as the Company's president, and Plaintiff's appointment to the role as the Company's president.  Following this agreement, Defendant moved to California in 2012.

9.

From 2011 until 2019, Plaintiff managed the Company's business affairs by himself, and the Company continued to thrive.  Under Plaintiff's management, the Company opened three (3) more salon locations.  At all times, Plaintiff kept Defendant regularly informed of the Company's status, and communicated with Defendant regarding large decisions and documents requiring signatures from both principals.

**Financial Challenges Occur and Get Worse with the Pandemic**

10.

In 2016, the Company began to experience a series of challenges.  First, in October of 2016, the Company's Northwest Portland location experienced a massive flood from a water break in a condominium unit on the 4th floor of the same building.  The location was forced to close for over four (4) months for repairs and remodeling.

/ / / /

Page 3 of 13    FIRST AMENDED COMPLAINT
{00454796:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com
**Exhibit 1**
**Page 16 of 27**

11.

For several months after reopening in January of 2017, the Northwest Portland location struggled to rebuild and recapture clientele following the flood-related closure.  In October of 2017, just as the location was starting to build momentum, another disaster struck.  A gas leak was ignited at the property adjacent to the Company's location, which caused an explosion that demolished the Company's Northwest location.

12.

In March of 2018, the Company opened a new location in Northwest Portland, to replace the location that was destroyed by the explosion.

13.

Despite the setbacks and challenges it faced at its Northwest Portland location, the Company was able to open a new location in West Linn in 2018—the Company's seventh location.  The Company also relocated its Clackamas location to a better location at the local mall.

14.

As a result of the moves, openings, the Company's debt load related to purchasing a new location, and the location closures, the Company's income and cash flow were significantly reduced.  Additionally, the Company's expenses increased as a result of increased wages and benefits for employees, increased rent expenses, etc.  The Company's financial struggles continued throughout the end of 2019.

15.

In 2020, the COVID-19 pandemic arrived, causing a catastrophic impact on the Company.  In March of 2020, the governor's executive orders required the closure of all of the Company's salons for a significant period of time.  These closures had a severe impact on the Company's financial position, effectively eliminating the Company's revenue.  Plaintiff loaned

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

**Exhibit 1**
**Page 17 of 27**

1    more than $100,000 to the Company to cover payroll and other expenses for the Company. This

2    new loan was in addition to previous loans Plaintiff has made to keep the Company operating.

3                                          16.

4         Plaintiff worked tirelessly to help the Company overcome its financial challenges and to

5    survive during the COVID-19 pandemic. Plaintiff was able to obtain a Paycheck Protection

6    Program ("**PPP**") loan for the Company and has tracked and documented Company expenses to

7    cause the PPP loan to be fully forgiven. Additionally, Plaintiff has hired counsel for the

8    Company to pursue insurance coverage claims related to the destruction of the Company's

9    Northwest Portland location. In addition to all of the extra activities described above, Plaintiff

10   continued to manage the Company's business affairs for all of the Company's locations, without

11   any assistance from Defendant.

12   **Defendant Returns to Thwart the Company's Operations and Promote Deadlock**

13                                         17.

14        From the date the Company was formed, to the present, Plaintiff has not been paid a

15   salary, nor has he been otherwise compensated for his management efforts. Initially, Plaintiff

16   and Defendant were both compensated equally, through draws or distributions paid by the

17   Company. Those "partnership payments" continued after Plaintiff's divorce from Defendant,

18   even though Defendant had moved to California and was no longer participating in the

19   management of the Company. On many occasions, Defendant unilaterally withdrew funds from

20   Company accounts, claiming that she was entitled to her "partnership payments." Defendant

21   withdrew such payments even during times when the Company did not have sufficient profits to

22   distribute to owners. Plaintiff refrained from taking draws at times when the Company was not

23   profitable. As a result, Defendant has been paid approximately $90,000 more for draws than

24   Plaintiff has received.

25   / / / /

26   / / / /

---

Page 5 of 13    FIRST AMENDED COMPLAINT

{00454796:1}

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

**Exhibit 1**

**Page 18 of 27**

18.

Beginning in June of 2019, Plaintiff caused the Company to cease paying draws to himself and to Defendant, due to waning profits. Following that decision, Defendant became difficult and obstructive and began to actively oppose Plaintiff's business decisions. Defendant began to assert that she is still President of the Company, despite having abandoned her position several years prior. Defendant asserted that her approval was required before the Company could take certain actions necessary to keep the business in financial good health. Without a legitimate business purpose, Defendant refused to cooperate with Plaintiff's requests on behalf of the Company, as follows:

a.    In 2020, Plaintiff hired counsel to pursue insurance coverage claims for the Company, related to the destruction of the Northwest Portland salon. Those efforts resulted in a favorable settlement and a successful recovery of insurance proceeds, which are currently held in trust with Company counsel (the "***Trust Funds***"). Defendant has refused to sign documents which would instruct counsel to release the Trust Funds to pay Company's Counsel, and to cause the balance to be paid to the Company for its business use;

b.    Defendant refused to provide her identification, which was necessary for the Company to apply for a second forgivable PPP loan for more than $800,000, which the Company could have used to pay for necessary business expenses;

c.    Defendant refused to provide information and documentation necessary for the Company to obtain credit in its own name.

19.

In addition to standing in the way of the Company's ongoing business efforts, Defendant has engaged in activities to distract Plaintiff from operating the business. Since the time her draws were terminated, Defendant began demanding documents and financial statements from Plaintiff, despite the fact that Plaintiff had already been providing financial documentation to Defendant on a regular basis. Plaintiff produced additional information to satisfy Defendant's

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

**Exhibit 1**
**Page 19 of 27**

1  requests.  Plaintiff provided the Company's entire general ledger to Defendant, to refute

2  Defendant's unfounded allegations that Plaintiff had misused Company funds.

3                                                          20.

4          Defendant's obstructive actions and refusals to sign critical documents were done without

5  a legitimate business purpose.  Instead, Defendant's efforts were designed to block decision-

6  making for the Company, so that Defendant could then leverage the Company's precarious state

7  to obtain compensation or a favorable buyout of her shares in the Company.

8                                                          21.

9          Plaintiff made numerous demands to Defendant via email in January, February and

10 March of 2021.  Additionally, Plaintiff and Defendant attended a mediation session in an attempt

11 to resolve their differences and break the deadlock.  The mediation was unsuccessful, the Parties

12 were unable to resolve their differences, and the directors and shareholders remain deadlocked.

13 This action followed.

14

15                               **FIRST CLAIM FOR RELIEF**
                          **Close Corporation Remedies – ORS 60.952**

16                                                          22.

17         Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

18                                                          23.

19         The Company is a closely-held corporation which does not have shares listed on a

20 national securities exchange or which are regularly traded in a market maintained by one or more

21 members of a national or affiliated securities association.

22                                                          24.

23         To the extent Defendant is still a director, the Company's directors are deadlocked in the

24 management of the corporate affairs, the shareholders are unable to break the deadlock and

25 irreparable injury to the corporation is threatened or being suffered, and the business and affairs

26

Page 7 of 13      FIRST AMENDED COMPLAINT
{00454796:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com
**Exhibit 1**
**Page 20 of 27**

1    of the corporation can no longer be conducted to the advantage of the shareholders generally,

2    because of the deadlock.

3                                              25.

4          As a 50% shareholder and a director, Defendant exerts control over the Company, by

5    objecting to actions Plaintiff intends to take to benefit the Company.  Defendant is unwilling to

6    actively participate in the Company's business operations, but she demands that Plaintiff manage

7    the Company's affairs without salary or other compensation.  In doing so, Defendant has acted in

8    an oppressive manner, which has damaged the Company, and which threatens to cause further

9    harm to the Company.

10                                             26.

11         To promote the best interests of the Company, the Court should enter judgment to

12   provide the following remedies:

13         i.      Pursuant to ORS 60.952(2)(a), requiring Defendant to execute documents necessary

14   to allow Company counsel to deliver the Trust Funds to the Company, after payment of

15   counsel's fees and costs.

16
17         ii.     Pursuant to ORS 60.952(2)(b), altering the Company's bylaws to reduce the number

18   of directors from two to one, consistent with the Parties previous discussions;

19         iii.    Pursuant to ORS 60.952(2)(c), to the extent not already accomplished by the Parties'

20   2011 agreement, removing Defendant from any position as a director or officer of the Company;

21         iv.     Pursuant to ORS 60.952(2)(d), to the extent not already accomplished by the Parties'

22   2011 agreement, appointing Plaintiff to be the Company's President.

23         v.      Pursuant to ORS 60.952(2)(e), requiring an accounting and settlement of the

24   shareholder's capital accounts, and compensating Plaintiff for of any amounts paid to Plaintiff or

25   Defendant from the Company, and for judgment against Defendant in an amount necessary to

26

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

Exhibit 1
Page 21 of 27

settle the shareholders' capital accounts.  Plaintiff is entitled judgment in an amount to be proven at trial, but believed to exceed $90,000;

vi.    Pursuant to ORS 60.952(2)(j), awarding past due salary to Plaintiff from the Company in the amount of $150,000 per year, or other reasonable amounts to be determined at trial, for the period of time Plaintiff has been actively managing the Company's business affairs alone, after Defendant relocated to California.  Such salary should be a liability of the Company and paid before shareholders receive distributions on account of ownership; and

vii.    Pursuant to ORS 60.952(2)(i), compelling the purchase by the Company or Plaintiff of all of the shares held by Defendant for the shares' fair value and on the terms determined by the Court pursuant to ORS 60.952(5).

## SECOND CLAIM FOR RELIEF
### Breach of Duty of Care

27.

Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

28.

As a director and officer of the Company, Defendant owed the Company and its shareholders a duty of care, which requires Defendant to take action using the care that an ordinarily prudent person in a similar position would exercise under the same circumstances.

29.

Defendant willfully and materially breached her duty of care to the Company in at least the following ways:

a.    Defendant relocated to California, leaving Plaintiff to manage all of the day-to-day operations for the Company;

/ / / /

/ / / /

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

Exhibit 1
Page 22 of 27

b.      Defendant refused, without a legitimate business purpose, to sign documents that would instruct Company counsel to use the Trust Funds to pay the Company's outstanding legal services invoice, and to return the balance of the Trust Funds the Company;

c.      Defendant refused, without a legitimate business purpose, to provide a copy of her personal identification to Company's potential second round PPP lender.  Without identification documents for the Company's shareholders, the Company was unable to complete its application for a forgivable PPP loan in excess of $800,000.  Those funds would have assisted the Company to overcome the financial challenges caused by the COVID-19 pandemic; and

d.      Defendant objected and continues to object to all business decisions made by Plaintiff, to leverage the Company's financial situation for her personal gain.

30.

The Company and Plaintiff are entitled to judgment against Defendant for damages suffered by both, as follows:

a.      First, Plaintiff is entitled to his past-due salary from the Company for managing the Company's day-to-day business affairs in Defendant's absence, in an amount to be proven at trial, but believed to exceed $1,350,000, or $150,000 per year for nine (9) years. Defendant should be required to contribute funds to pay half of Plaintiff's past-due salary. Alternatively, the Company's liability for such salary should be satisfied before shareholders receive distributions on account of ownership; and

b.      Second, the Company is entitled to damages in excess of $800,000, caused by Defendant when she refused to simply provide her photo identification to verify her status as a shareholder of the Company, which was required to obtain a forgivable second-round PPP loan; and

c.      Third, the Company is entitled to compensation from Defendant for any interest or fees that accrued as a result of Defendant's failure to authorize the timely release of the Trust Funds, and payment of counsel and the Company's retained experts from those funds.

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com
Exhibit 1
Page 23 of 27

1    The Company is entitled to a judgment for such interest and fees in an amount determined at

2    trial, but believed to exceed $5,000.

### THIRD CLAIM FOR RELIEF
### Breach of Duty of Loyalty

31.

Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

32.

To the extent that Defendant retained any role as a director or officer of the Company

after her ostensible resignation in 2011, Defendant owed the Company and its shareholders a

duty of loyalty, which requires the directors to put the Company's interests ahead of their

personal interests.

33.

Through her wrongful conduct, as described above, Defendant willfully and materially

breached her duty of loyalty to the Company and its shareholders.

34.

The Company is entitled to judgment for damages in an amount to be proven at trial, but

believed to exceed $805,000 for interest and fees incurred by the Company due to Defendant's

conduct.

### FOURTH CLAIM FOR RELIEF
### (Injunctive Relief)

35.

Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

36.

Defendant resigned from her role as president of the Company, and agreed that Plaintiff

would fulfill that role.  Now, in breach of the fiduciary duties described above, Defendant has

taken the contradictory position of asserting that she is still the Company's president while

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

**Exhibit 1**
**Page 24 of 27**

simultaneously refusing to manage the Company's day-to-day affairs or take actions necessary to preserve the Company's business.  Most notably, when the Company was applying for a second round PPP loan to assist with operating expenses, the PPP lenders required all owners of the Company to provide photo identification.  Defendant refused to provide her photo identification, even though the loan did not have any personal guaranty requirements.  Defendant's refusal to provide her identification prevented the Company from obtaining the forgivable loan before the loan program was exhausted, causing the Company to lose the opportunity to receive $800,000.

37.

Defendant's actions have and will continue to cause irreparably harm to the Company. Plaintiff and the Company do not have an adequate remedy at law.  Accordingly, the Plaintiff and the Company are entitled to a temporary, preliminary and permanent injunctive relief in the form of an order enjoining Defendant from participating in the Company's day-to-day affairs, asserting that she is still the Company's president, asserting that she is still a director for the Company, or interfering with Plaintiff's management of the Company.  Furthermore, Defendant should be required to confirm, in writing, that she is no longer a director or officer of the Company.  Additionally, to the extent new PPP loans become available, Defendant should be required to provide her identification and confirm her status as a shareholder of the Company.

**FIFTH CLAIM FOR RELIEF**
**(Declaratory Relief)**

37.

Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

38.

Pursuant to ORS § 28.010 *et seq.,* the Court should declare that the Plaintiff is the President of the Company, that the Defendant resigned her position with the Company under the parties' 2011 agreement, and that all actions taken by the Plaintiff for the benefit of the Company as its *de facto* President in reliance on the parties 2011 are the action the Company.

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

**Exhibit 1**
**Page 25 of 27**

## DEMAND FOR RELIEF

Plaintiff therefore requests that judgment be entered against Defendant, and in favor of Plaintiff and the Company, as follows:

1.      Providing Plaintiff and the Company remedies described in ORS 60.952, including but not limited to confirmation of Defendant's removal from her role as president of Moto-Biz, Inc.; formal appointment of Plaintiff as president of Moto-Biz, Inc.; alteration of the Company's bylaws; an accounting and balancing of capital accounts; compensation for Plaintiff's management efforts; and the requirement that Defendant sell her Company stock to Plaintiff or the Company for fair value as determined by the Court;

2.      Declaring that the Plaintiff is the President of the Company; that the Defendant resigned her position with the Company under the parties' 2011 agreement, and that all actions taken by the Plaintiff for the benefit of the Company as its de facto President in reliance on the parties 2011 are the action the Company;

3.      Awarding damages in an amount sought above or as otherwise determined at trial;

4.      Awarding Plaintiff his attorneys' fees, costs and disbursements in this action; and

5.      Awarding Plaintiff and the Company any further relief that the Court finds appropriate or just.

DATED this 6th day of July, 2021.

MOTSCHENBACHER & BLATTNER LLP

By:  s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Attorneys for Plaintiff

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
P: 503-417-0500  F: 503-417-0501
www.portlaw.com

**Exhibit 1**
**Page 26 of 27**

# IN THE CIRCUIT COURT OF THE STATE OF OREGON
# FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **REZA MOTAMENI,**<br><br>Plaintiff/Petitioner,<br>vs.<br><br>**MELISSA ADAMS F/K/A MELISSA MOTAMENI,**<br><br>Defendant/Respondent,<br><br>And<br><br>**MOTO-BIZ, INC.,**<br><br>Nominal Defendant/Respondent. | Case No.: 21CV15255<br><br>DECLARATION OF SERVICE OF **Summons, First Amended Complaint, and Plaintiff's First Requests for Production of Documents to Defendant Melissa Adams** |

I hereby declare that I made service of the above described documents upon the individuals and other legal entities to be served, names below, by delivering or leaving true copies of said Document(s) mentioned therein, as follows:

**Personal Service Upon Individual**

Upon **Melissa Adams fka Melissa Motameni,** by delivering such true copy to him/her, personally and in person, at **408 Hannon Ave., Monterey, CA,** on **Tuesday, July 13, 2021,** at **7:25 PM.**

I further declare that the above statement is true to the best of my knowledge and belief, and I understand that it is made for use as evidence in court and is subject to penalty for perjury. I declare that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; and that the person, firm or corporation served by me is the identical person, firm or Corporation named in the action.

Dated **July 14, 2021**

Signed

Hector Garcia,
Registration No.: Monterey 100
for MercuryPDX
PO Box 2274
Portland, OR 97208
503-247-8484

Page 1 of 1 – DECLARATION OF SERVICE

**Exhibit 1**
**Page 27 of 27**