Janet K. Larsen, OSB No. 950279
larsenj@lanepowell.com
Kristen L. Price, OSB No. 175700
pricek@LanePowell.com
**LANE POWELL PC**
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Defendant Melissa Adams

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| REZA MOTAMENI, an individual,<br><br>            Plaintiff,<br><br>  v.<br><br>MELISSA ADAMS, an individual formerly known as Melissa Motameni,<br><br>            Defendant,<br><br>and<br><br>MOTO-BIZ, INC., an Oregon corporation,<br><br>            Nominal Defendant. | Case No. 3:21-cv-01184-HZ<br><br>**DECLARATION OF DEFENDANT MELISSA ADAMS IN SUPPORT OF RESPONSE TO THE COURT'S ORDER REQUESTING BRIEFING REGARDING COMPLETE DIVERSITY** |

I, Melissa Adams, declare and state as follows:

1.      I am the defendant named in the above-captioned action and a current director, officer, and shareholder of nominal defendant Moto-Biz, Inc. ("Moto-Biz"). I make this declaration based on my own personal knowledge and if called as a witness, I could and would competently testify to the facts stated herein. I make this declaration in support of Defendant Melissa Adams' ("Adams") Response to the Court's Order Requesting Briefing Regarding Complete Diversity.

PAGE 1 – DECLARATION OF MELISSA ADAMS

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Bylaws of Moto-Biz. Article III, section 11 of the Bylaws states "no stated salary shall be paid to directors [ * * * ] for their services  [ * * * ]." Article V, section 4 of the Bylaws provides that "[t]he salaries of all officers of the corporation shall be fixed by the Board of Directors."

3.      I have been a director and officer of Moto-Biz since its incorporation in 1991. At all times since the company was incorporated, Moto-Biz's Board of Directors has consisted of only two directors, myself and Plaintiff Reza Motameni ("Plaintiff").

4.      From 1991 to present I have never been asked to vote, in my capacity as a director, on a resolution fixing the salary or other compensation for Plaintiff, whether in exchange for management services or otherwise.

5.      Moto-Biz's Board of Directors has never fixed the salary of any of Moto-Biz's officers, by resolution or otherwise.

6.      Moto-Biz has never entered in to an employment agreement with Plaintiff, written or oral, for management or any other service.

7.      Attached hereto as **Exhibit B** is a true and correct copy of the Articles of Incorporation for Moto-Biz.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23 day of September, 2021, in *Monterey*, California.

*M Adams*

Melissa Adams

PAGE 2 –  DECLARATION OF MELISSA ADAMS

719105.0001/8686951.1

BYLAWS

OF

Moto-Biz, Inc.

An Oregon Corporation

## ARTICLE I
## OFFICES

Section 1.  Registered Office.  The corporation's registered office shall be located within the State of Oregon.

Section 2.  Other Offices.  The corporation may also have offices at such other places, either within or without the State of Oregon, as the Board of Directors may from time to time determine or as the business of the corporation may require.

## ARTICLE II
## MEETINGS OF SHAREHOLDERS

Section 1.  Place of Meetings.  Meetings of the shareholders shall be at the office of the corporation in Portland, Oregon or at such other place as shall be designated in the notice of the meeting.

Section 2.  Annual Meeting.  An Annual Meeting of Shareholders shall be held not later than four (4) months after the end of the corporation fiscal year for the election of directors and transaction of such other business as may properly be brought before the meeting.

Section 3.  Special Meetings.  Special meetings of shareholders may be called by the President, the Board of Directors, the holders of not less than one-tenth of all the shares entitled to vote at the meeting or by such other officers or persons as may be provided in the Articles of Incorporation or these By-Laws.

Section 4.  Notice of Meetings.  Written or printed notice stating the place, day and hour of the meeting and, in  case of a special meeting, the purpose or purposes for which the meeting is called, shall be delivered not less than ten nor more than sixty (60) days before the date of the meeting, either personally or by mail, by or at the direction of the President or Secretary, or other officer or persons calling the meeting, to each shareholder of record at such address as appears on the records of the corporation.

Section 5.  Business of Special Meetings.  Business transacted at any special meeting shall be confined to the purpose in the notice thereof.

Page 1 - Bylaws

**Exhibit A**
**Page 1 of 9**

Section 6. <u>Quorum</u>. The holders of a majority of the outstanding shares, represented in person or by proxy, shall constitute a quorum at all meetings of the shareholders for the transaction of business, except as otherwise provided by the Articles of Incorporation. The shareholders present at a duly organized meeting may continue to transact business until adjournment, notwithstanding the withdrawal of enough shareholders to leave less than a quorum. If, however, a quorum shall not be present or represented at a meeting of the shareholders, the shareholders present in person, or represented by proxy, shall have power to adjourn the meeting from time to time, without notice other than announcement at the meeting, until a quorum shall be present or represented. At such adjourned meting at which a quorum shall be present or represented, any business may be transacted which might have been transacted at the meeting as originally notified.

Section 7. <u>Voting</u>. When a quorum is present or represented at any meeting, action on a matter, other than the election of directors, is approved if the number of votes cast favoring the action exceed the number of votes cast opposing the action unless the Oregon Private Corporation Law or the Articles of Incorporation require a greater number of affirmative votes. Directors are elected by a plurality of the votes cast by the shares entitled to vote in the election at a meeting win which a quorum is present.

Each outstanding share, regardless of class, shall be entitled to one vote on each matter submitted to a vote at a meeting of the shareholders, except to the extent that the voting rights of any class are limited or denied by the Articles of Incorporation.

Section 8. <u>Proxy</u>. A shareholder may vote either in person or by proxy appointed in writing by the shareholder or by his duly authorized attorney in fact. No proxy shall be valid after eleven months from the date of its execution, unless otherwise provided in the proxy.

ARTICLE III
DIRECTORS

Section 1. <u>Number</u>. The number of directors of the corporation shall be two (2). Directors shall be elected at the annual meeting of the shareholders and each director shall be elected to serve until the next succeeding annual meeting and until his successor shall have been elected.

Section 2. <u>Powers</u>. The business and affairs of the corporation shall be managed by its Board of Directors which may exercise all such powers of the corporation and do all such lawful acts and things which are not by statute or by the Articles of Incorporation or by these By-Laws directed or required to be exercised and done by the shareholders.

Section 3. <u>Place of Meetings</u>. Meetings of the Board of Directors, regular or special, may be held either within or without the State of Oregon.

Section 4. <u>First Meeting</u>. The first meeting of each newly elected Board shall be held at such time and place as shall be fixed by the vote of the shareholders at the annual

Page 2 - Bylaws

**Exhibit A**
**Page 2 of 9**

meeting, and notice of such meeting shall be necessary to the newly elected directors in order legally to constitute the meeting, provided a quorum shall be present, or it may convene at such time and place as shall be fixed by the consent in writing of all the directors.

Section 5. Regular Meetings. Regular meetings of the Board may be held upon such notice, or without notice, and at such time and place as shall from time to time be determined by the Board.

Section 6. Special Meetings. Special meetings of the Board may be called by the President on one day's notice to each director, either personally or by mail or by telegram; special meetings shall be called by the President or Secretary in like manner and on like notice on the written request of two (2) directors.

Section 7. Quorum. A majority of the total number of directors shall constitute a quorum for the transaction of business. The act of the majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

Section 8. Vacancy. Any vacancy occurring in the Board of Directors may be filled by the affirmative vote of a majority of the remaining directors though less than a quorum of the Board of Directors, or by the affirmative vote of the majority of share entitled to vote, unless otherwise provided in the Articles of Incorporation. A director elected to fill a vacancy shall be elected for the unexpired portion of the term of his predecessor in office.

Any directorship to be filled by reason of an increase in the number of directors shall be filled by election at an annual meeting or at a special meeting of shareholders called for that purpose unless otherwise provided in the Articles of Incorporation.

Section 9. Resignation. Any director may resign at any time by giving written notice to the Board of Directors, to the President, or to the Secretary of the corporation. Unless otherwise specified in such written notice, the resignation shall take effect upon receipt thereof by the Board of Directors or by such officer, and the acceptance of the resignation shall not be necessary to make it effective.

Section 10. Removal. Any director may be removed with or without cause at any time by a majority vote of the shareholders entitled to vote at an election of directors; provided, however, that if any director is then the owner and holder of record of ten percent (10%) or more of the issued and outstanding stock of the corporation, he or she may be removed only upon the affirmative vote of the holders of two-thirds (2/3) of the shares then entitled to vote at an election of directors, this provision being subject to amendment only upon the affirmative vote of two-thirds (2/3) of the Board of Directors together with approval by the affirmative vote of the holders of two-thirds (2/3) of the shares entitled to vote at an election of directors. A director may be removed for cause by action of the Board of Directors.

Section 11. Compensation. No stated salary shall be paid to directors, as such, for their services, but by resolution of the Board of Directors a fixed sum and expenses for actual

Page 3 - Bylaws

attendance at each regular or special meeting may be authorized. Nothing herein contained shall be construed to preclude any director from serving the corporation in any other capacity and receiving compensation therefor.

## ARTICLE IV
## NOTICES: INFORMAL ACTION BY
## SHAREHOLDERS OR DIRECTORS

Section 1. Notice. Whenever, under the provisions of the Oregon Business Corporation Act or of the Articles of Incorporation or these By-Laws, notice is required to be given to any director or shareholder, it shall not be construed to mean personal notice, but such notice as may be given in writing, by mail, addressed to such director or shareholder, at his address as it appears on the stock record books or similar records of the corporation, with postage thereon prepaid, and such notice shall be deemed to be given at the time when the same shall be deposited in the United States mail.

Section 2. Waiver of Notice. Whenever any notice is required to be given to any shareholder or director under the provisions of the Oregon Business Corporation Act or under the provisions of the Articles of Incorporation or by these By-Laws, a waiver thereof in writing signed by the person or persons entitled to such notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice.

Section 3. Action Without Meeting. Any action required by the Oregon Business Corporation Act to be taken at a meeting of shareholders or directors or any other action which may be taken at a meeting may be taken without a meeting if a consent in writing setting forth the action so taken is signed by all of the shareholders or directors entitled to vote with respect to the subject matter thereof. Action taken under this section is effective when the last shareholder or director, as the case may be, signs the consent, unless the consent specifies an earlier or later effective date.

Section 4. Attendance as Waiver of Notice. Attendance of a director at a meeting shall constitute a waiver of notice of such meeting, except when a director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened. Neither the business to be transacted at, nor the purpose of, any meeting of the Board of Directors need be specified in the notice or waiver of notice of such meeting unless required by these Bylaws.

## ARTICLE V
## OFFICERS

Section 1. Designation of Officers. The principal officers of the corporation shall consist of a President, a Secretary and a Treasurer, each of whom shall be elected by the Board of Directors. The corporation may also have, at the discretion of the Board of Directors, one or more Vice Presidents. Any two or more offices may be held by the same person.

Page 4 - Bylaws

Section 2. Election. The officers of the corporation shall be elected by the Board of Directors at its first meeting following the annual meeting of shareholders. None of officers need be members of the Board.

Section 3. Term of Office. The Board of Directors may elect or appoint such other officers, assistant officers and agents as it shall deem necessary or desirable, who shall hold their offices for such terms and shall have such authority and perform such duties as shall be determined by the Board.

Section 4. Salaries. The salaries of all officers of the corporation shall be fixed by the Board of Directors.

Section 5. Removal from Office; Vacancy. The officers of the corporation shall hold office until their successors are chosen and qualify in their stead. Any officer or agent elected or appointed by the Board of Directors may be removed by the Board of Directors at any time with or without cause, but such removal shall be without prejudice to the contract rights, if any, of the person so removed. If the office of any of the officers becomes vacant for any reason, the vacancy shall be filled by the Board of Directors.

PRESIDENT

Section 6. President. The President shall be the chief executive officer of the corporation; he shall preside at all meetings of the shareholders and directors; he shall have the general and active management of the business of the corporation, and shall see that all orders and resolutions of the Board are carried into effect.

He shall execute bonds, mortgages, contracts and any other documents requiring a seal, except where required by law to be otherwise signed and executed and except where the signing and execution thereof shall be expressly delegated by the Board of Directors to some other officer or agent of the corporation.

VICE PRESIDENT

Section 7. Vice President. In the absence or disability of the President, the Vice Presidents, in order of their rank as fixed by the Board of Directors, or if not ranked, the Vice President designated by the Board of Directors, shall perform the duties and exercise the powers of the President, and each Vice President shall perform such other duties as the Board of Directors shall prescribe.

SECRETARY

Section 8. Secretary. The Secretary shall attend all sessions of the Board and all meeting of the shareholders and record the minutes of all proceedings in a book to be kept for that purpose, and shall perform like duties for any committee when required. He shall give, or cause to be given, notice of all meetings of the shareholders and of the Board of Directors, and

Page 5 - Bylaws

shall perform such other duties as may be prescribed by the Board of Directors or President, under whose supervision he shall be. He shall keep in safe custody the seal of the corporation, and, when authorized by the Board, affix the same to any instrument requiring it, and when affixed it shall be attested by his signature or by the signature of the Treasurer.

TREASURER

Section 9. <u>Treasurer</u>. The Treasurer shall have the custody of the corporate funds and securities and shall keep full and accurate accounts of receipts and disbursements in books belonging to the corporation and shall deposit all moneys and other valuable effects in the name and to the credit of the corporation, in such depositories as may be designated by the Board of Directors.

The Treasurere shall disburse the funds of the corporation when proper to do so, taking proper vouchers for such disbursement, and shall render to the President and directors, at the regular meetings of the Board, or whenever they may require it, an account of all his or her transactions as Treasurer and of the financial condition of the corporation.

ARTICLE VI<br>INDEMNIFICATION OF OFFICERS AND DIRECTORS

Section 1. <u>Indemnification of Officers and Directors</u>.

(a)     The corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending, or completed action, suit or proceeding, whether civil, criminal, administrative, or investigative (other than an action by or in the right of the corporation) by reason of the fact that he is or was a director or officer of the corporation, or is or was serving at the request of corporation as a director or officer of another corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorneys' fees), judgments, fines, and amounts paid in settlement actually and reasonably incurred by him in connection with such action, suit, or proceeding if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful. The termination of any action, suit, or proceeding by judgment, order, settlement, conviction, or upon plea of <u>nolo contendere</u> or its equivalent shall not, of itself, create a presumption that the person did not act in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation, and, with respect to any criminal action or proceeding, had reasonable cause to believe that his conduct was unlawful.

(b)     The corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending, or completed action or suit by or in the right of the corporation to procure a judgment in its favor by reason of the fact that he is or was a director or officer of the corporation or was serving at the request of the corporation as a director or officer of another corporation, partnership, joint venture, trust, or other enterprise against

Page 6 - Bylaws

expenses (including attorneys' fees) actually and reasonably incurred by him in connection with the defense or settlement of such action or suit if he acted in good faith in a manner he reasonably believed to be in or not opposed to the best interests of the corporation and except that no indemnification shall be made in respect of any claim, issue, or matter as to which such person shall have been adjudged to be liable for negligence or misconduct in the performance of his duty to the corporation unless and only to the extent that the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which the court shall deem proper.

(c)     To the extent that a director or an officer of the corporation has been successful on the merits or otherwise in defense of any action, suit, or proceeding referred to in paragraphs (a) or (b) above, or in defense of any claim, issue, or matter therein, he shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by him in connection therewith.

(d)     Any indemnification under paragraphs (a) and (b) (unless ordered by a court) shall be made by the corporation only as authorized in the specific case upon a determination that indemnification of the director, officer, employee, or agent is proper in the circumstances because he has met the applicable standard of conduct set forth in paragraphs (a) and (b). Such determination shall be made (i) by the Board of Directors by a majority vote of a quorum consisting of directors who were not parties to such action, suit or proceeding, or (ii) if such quorum is not obtainable, or, even if obtainable a quorum of disinterested directors so directs, by independent legal counsel in a written opinion, or (iii) by the shareholders.

(e)     Expenses incurred in defending a civil or criminal action, suit, or proceeding may be paid by the corporation in advance of the final disposition of such action, suit, or proceeding as authorized by the Board of Directors in the specific case upon receipt of an undertaking by or on behalf of the director or officer to repay such amount unless it shall ultimately be determined that he is entitled to be indemnified by the corporation as authorized herein.

ARTICLE VII
CERTIFICATES FOR SHARES

Section 1. Certificate for Shares. The shares of the corporation shall be represented by certificates signed by the President and Secretary.

Section 2. Form of Certificates. Each certificate shall show upon its face that the corporation is organized under the laws of the State of Oregon, the certificate number, the name of the person owning the shares represented thereby, the number of shares for which it is issued, the date of issue and the par value of such shares, if any, or that the shares are without par value.

Each certificate shall show that the shares represented by such certificate are transferable only upon the books of the corporation and upon surrender of such certificate.

Page 7 - Bylaws

Each certificate shall state the rights, privileges, preferences and restrictions of the stock, if any, the provisions as to redemption or conversion, if any, and shall make reference to any liens or restriction upon transfer or voting.

Section 3. <u>Transfer on the Books</u>. A stock transfer book known as the Stock Register shall be kept, in which shall be entered the number of each certificate issued and the name of the person owning the shares thereby represented, with the number of such shares and the date of issue. Upon surrender to the corporation of a certificate for shares duly endorsed or accompanied by proper evidence of succession, assignment or authority to transfer, the corporation shall issue a new certificate to the person entitled thereto, cancel the old certificate and record the transaction upon its books. No transfer of stock shall be recognized by this corporation unless the above described procedure is followed. The Stock Transfer Book shall be closed ten (10) days before each meeting of the shareholders and during such period no stock shall be transferred.

Section 4. <u>Lost, Stolen or Destroyed Certificates</u>. In the event a certificate is represented to be lost, stolen or destroyed, the Board of Directors may direct a new certificate or certificates to be issued in place thereof upon proof of loss, theft or destruction and upon the making of an affidavit of that fact by the person claiming the certificate of stock to be lost or destroyed. When authorizing such issue of a new certificate or certificates, the Board of Directors may, in its discretion and as a condition precedent to the issuance thereof, require the owner of such lost or destroyed certificate or certificates, or his legal representative, to advertise the same in such manner as it shall require and/or give the corporation a bond in such sum as it may direct as indemnity against any claim that may be made against the corporation with respect to the certificate alleged to have been lost or destroyed.

ARTICLE VIII
GENERAL PROVISIONS

Section 1. <u>Checks</u>. All checks or demands for money and notes of the corporation shall be signed by such officer or officer or such other person or persons as the Board of Directors may from time to time designate.

Section 2. <u>Corporate Seal</u>. The corporation may have a corporate seal inscribed thereon with the name of the corporation and the words "Corporate Seal, Oregon." Said seal may be used by causing it, or a facsimile thereof, to be impressed or affixed or in any manner reproduced.

ARTICLE IX
AMENDMENTS

Section 1. The Bylaws of the corporation may be altered, amended or repealed and the new Bylaws may be adopted by the affirmative vote of a majority of directors present at any duly and regularly called and held regular or special meeting of the Board of Directors or by

Page 8 - Bylaws

**Exhibit A**
**Page 8 of 9**

the affirmative vote of a majority of the number of shares entitled to vote at a shareholders' meeting.

Whenever a Bylaw is amended or a new Bylaw is adopted, a copy of the amended or new Bylaw shall be inserted in the corporate book immediately behind these Bylaws.  If any Bylaw is repealed, the fact of repeal and the date on which the repeal occurred shall be handwritten on these Bylaws specifically noting which Bylaw has been repealed.

We, the undersigned, do hereby certify that the foregoing Bylaws were duly adopted by the Board of Directors of Moto-Biz, Inc., an Oregon corporation, and do constitute the Bylaws of this corporation.

Melissa Motameni, President

Reza Motameni, Secretary

Page 9 - Bylaws

**Exhibit A**
**Page 9 of 9**



**STATE OF OREGON**
**CORPORATION DIVISION**
**158 12th Street NE**
**Salem, OR 97310**

Registry Number:

26811182

**ARTICLES OF INCORPORATION**
**BUSINESS CORPORATION**

**Article 1:**  The name of the corporation is Moto-Biz, Inc.

**Article 2:**      The number of shares the corporation will have
authority to issue is 5,000 shares.

**Article 3:**  The initial registered agent is David R. Barrow.
The initial registered office is Suite 1200, 900 S.W. Fifth Avenue,
Portland, OR 97204.

**Article 4:**  The Division may mail notices to David R. Barrow
at Suite 1200, 900 S.W. Fifth Avenue, Portland, OR 97204.

**Article 5:**  The name and address of the incorporator is Melissa
Motameni, 101 Sunset Drive, Newberg, Oregon 97123

**Article 6:**  No director shall be liable to the corporation or its
shareholders for monetary damages for conduct as director for any
act or omission following the effective date of these articles
except in the following instances: (A) branch of the director's
duty of loyalty to the corporation or its shareholders; (B) acts or
omissions not in good faith or which involve intentional misconduct
or a knowing violation of laws; (C) any unlawful distribution, to
the extent that it exceeds a lawful amount; or (D) any transaction
from which the director derived an improper personal benefit.

*Melissa Motameni*

Melissa Motameni
Incorporator

Person to contact about this filing: David R. Barrow, 323-9100.

**STATE OF OREGON**
**CORPORATION DIVISION**
255 Capitol St NE
*268111-82*   **Salem, Oregon  97310-1327**

**FILED**

**MAR 12 1998**

**OREGON**
**SECRETARY OF STATE**

**GARTH GALYEN**                                      **JANUARY 15, 1998**
1750 SW HARBOR WAY STE#330
PORTLAND OR 97201

**ACTION:   REINSTATEMENT**
**ENTITY TYPE:   DOMESTIC BUSINESS**                        **(831.115)**
**REGISTRY #:   268111-82**
**RE:   MOTO-BIZ, INC.**

Please complete and return this letter and any enclosed documents
so that we can file the requested reinstatement.

Please submit $45.00  to cover the fees for the requested
reinstatement.

The above entity hereby requests to be active on the records of
the Corporation Division.  The effective date of administrative
dissolution is 12/18/97.
    The reason(s) for administrative dissolution has been
    eliminated or did not exist.
      By: _____     Date: 2/26/98
           (Authorized Signature)

**PLEASE RETURN THIS LETTER AND ALL DOCUMENTS WITH YOUR RESPONSE**
**AS SOON AS POSSIBLE.  IF WE DO NOT HEAR FROM YOU IN 45 DAYS, YOUR**
**ACTION WILL NOT BE COMPLETED.**

                        *022659 04( 06./ 45⁰⁰*

Document Review/Data Entry
Corporation Division

(503) 986-2200

ENC:  Duplicate Annual Report

                                        JJL
                                        NONOTH-814200-06-87