IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REZA MOTAMENI, an individual,

        Plaintiff,

   v.

MELISSA ADAMS, an individual formerly known as Melissa Motameni,

        Defendant,

and

MOTO-BIZ, INC., an Oregon corporation,

        Nominal Defendant.

No. 3:21-cv-01184-HZ

OPINION & ORDER

Nicholas J. Henderson
Motschenbacher & Blattner LLP
117 SW Taylor St., Suite 300
Portland, OR 97204

    Attorney for Plaintiff

1 – OPINION & ORDER

Janet K. Larsen
Kristen L. Price
Lane Powell PC
601 S.W. Second Ave., Suite 2100
Portland, OR 97204

     Attorneys for Defendant

HERNÁNDEZ, District Judge:

     Plaintiff, as director, officer, and 50% shareholder of Moto-Biz, Inc. ("Moto-Biz"), brings this action against Defendant, who is also a director, officer, and 50% shareholder. Plaintiff brings claims individually seeking an award of past due salary from Moto-Biz and derivatively on behalf of Moto-Biz, alleging breach of fiduciary duties. Plaintiff filed this action in state court, and Defendant removed the case based on diversity jurisdiction. Plaintiff did not file a motion to remand. The Court asked the parties to brief the issue of whether it has subject matter jurisdiction over the case. The Court determines that it has jurisdiction.

## BACKGROUND

     Plaintiff and Defendant, who were formerly married, each have owned 50% of the outstanding shares of Moto-Biz since it was incorporated in Oregon in 1991. Second Amended Complaint ("Compl.") ¶ 5, ECF 4. Moto-Biz operates several salon businesses in Portland, Oregon. At the time Moto-Biz was incorporated, Plaintiff and Defendant were the only two directors and only two officers. Plaintiff was named Secretary, and Defendant was appointed as President. *Id.* at ¶¶ 5-6. After the couple divorced in 2009, they each maintained 50% stock ownership and remained the only two directors. *Id.* at ¶¶ 7, 26. Plaintiff took over the day-to-day management of the corporation, and Defendant moved to California in 2012. *Id.* at ¶ 8. Both parties continued to receive equal draws or distributions from the corporation, and Plaintiff received no salary or other compensation for managing the business operations. *Id.* at ¶ 17.

2 – OPINION & ORDER

Since 2016, Moto-Biz has faced a series of financial challenges, including the closure of businesses due to the COVID-19 pandemic. *Id.* at ¶¶ 11-16. Plaintiff alleges that during the time Moto-Biz has had financial trouble, Defendant acted in manner that thwarted business operations and created deadlock within the corporation. *Id.* at ¶¶ 18-22. Plaintiff seeks damages on behalf of the corporation for Defendant's alleged breaches of the duty of care and the duty of loyalty, as well as injunctive and declaratory relief that would allow him to manage the business without interference from Defendant. *Id.* at ¶¶28-38. Plaintiff also requests "past due salary" from Moto-Biz for the years that he actively managed the corporation's business affairs alone. *Id.* at 27vi.

After she was served with the Summons and First Amended Complaint, Defendant timely removed the case to this Court based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441, and 1146. The amount of damages Plaintiff seeks, and thus the amount in controversy, exceeds $75,000. Defendant alleges there is complete diversity because Plaintiff is a citizen of Oregon and Defendant is a citizen of California. In the Notice of Removal, Defendant asserts that the Court should disregard the citizenship of Moto-Biz, an Oregon corporation, because it is only a "nominal" defendant. Notice of Removal ¶ 6(d), ECF 1.

Although Plaintiff did not move to remand the case, this Court has the authority to remand sua sponte and must do so if it does not have subject matter jurisdiction. 28 U.S.C. § 1447(c). The Court asked the parties to brief the issue of whether there is complete diversity between the plaintiffs and the defendants that provides a basis for subject matter jurisdiction. The Court now addresses this issue.

## STANDARDS

"Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute." *Sandpiper Vill. Condo. Ass'n., Inc. v. Louisiana-Pac. Corp.*,

428 F.3d 831, 841 (9th Cir. 2005) (internal quotation omitted). Subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331. *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

For subject matter jurisdiction to be based on diversity of citizenship, the action must be between citizens of different states with an amount in controversy of more than $75,000. 28 U.S.C. § 1332. Plaintiffs must affirmatively demonstrate the citizenship of all parties because there must be complete diversity of citizenship between the parties opposed in interest. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004). Each of the plaintiffs in an action must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

For the purpose of diversity jurisdiction, a corporation is deemed a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. 1332(c)(1). A corporation's principal place of business is where its officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Rule 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). For a case removed from state court, if at any time before final judgment the district court determines that it lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

# DISCUSSION

## I. Nominal Party

Plaintiff's Complaint lists Moto-Biz as a "nominal defendant."[1] If the Court considers the citizenship of Moto-Biz as a defendant, it does not have subject matter jurisdiction because there is no diversity between Plaintiff, an Oregon citizen, and all the defendants.[2] Defendant's Notice of Removal asserts that there is diversity of citizenship because the court should disregard the citizenship of nominal parties.

Defendant is correct that the presence of a nominal party does not defeat diversity jurisdiction. *See Strotek Corp. v. Air Transp. Ass'n. of America*, 300 F.3d 1129, 1132 (9th Cir. 2002). Nominal parties have no real interest in the suit. Courts have held defendants to be nominal where there is no reasonable basis for the defendants to be held liable in the action. *See Shapiro v. Citibank, N.A.*, 855 F. App'x. 391, 391 (9th Cir. 2021) (holding that a nominal defendant is one against whom no substantive claims have been brought). "The paradigmatic nominal defendant is a trustee, agent or depositary . . . [who is] joined purely as a means of facilitating collection." *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (internal quotations and citation omitted). For the purpose of determining diversity, a federal court should ignore the citizenship of nominal parties who have no interest in the action. *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000).

On the other hand, in a shareholder derivative suit, a corporation is not a nominal party because the claims, by definition, are brought on behalf of the corporation. *Ross v. Bernhard,*

---

[1] In his brief submitted upon request by this Court, Plaintiff now argues that Moto-Biz is *not* a nominal defendant. Pl. Brief 2, ECF 14.
[2] Moto-Biz is incorporated and has its principal place of business in Oregon.

396 U.S. 531, 534 (1970). Because the shareholder is alleging an injury to and seeking a remedy for the corporation, the corporation is a real party in interest. *Id.* at 538. Despite describing Moto-Biz as a "nominal defendant" in the Complaint and Notice of Removal, both Plaintiff and Defendant now assert in their briefs that Moto-Biz's presence in this case is *not* nominal. Def. Brief 4, ECF 11; Pl. Resp. 3, ECF 14. Regardless, courts have been clear that a corporation in a shareholder derivative suit is an indispensable party and not a nominal party. *See Ross*, 396 U.S. at 538; *Koster v. Lumbermans Mut. Cas. Co.*, 330 U.S. 518, 522-23 (1947).

Plaintiff brings this suit primarily on behalf of the Moto-Biz, alleging that Defendant breached her fiduciary duties and caused damage to the corporation. *See* Compl. ¶¶ 26-37. Plaintiff alleges that the "Company is entitled to judgment against Defendant for damages." Compl. ¶¶ 31, 36. Because Plaintiff seeks damages as a shareholder on behalf of the corporation, this is a shareholder derivative suit, and Moto-Biz is an indispensable party to this litigation. The Court must consider the citizenship of Moto-Biz for the purpose of determining whether it has subject matter jurisdiction.

## II.   Alignment of Parties

Plaintiffs generally control who they choose to bring into litigation. But in determining whether diversity of citizenship exists, a federal court is not bound by how the plaintiff aligns the parties. *City of Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69, (1941). The court should "look beyond the pleadings" to the actual interests of the parties respecting the subject matter of the lawsuit. *Prudential Real Est. Affiliates,* 204 F.3d at 872. Generally, courts will align parties with the same ultimate interests in the outcome of case on the same side of the litigation. *Smith v. Sperling,* 354 U.S. 91, 96 n.3 (1957). Courts must look to the "principal purpose of the suit . . . and the primary and controlling matter in dispute." *Chase,* 314 U.S. at 72.

Plaintiff alleges that Defendant took actions that damaged the corporation. Plaintiff accuses Defendant of "standing in the way of the Company's ongoing business efforts" and engaging in "obstructive actions and refusals to sign critical documents [which] were done without a legitimate business purpose." Compl. ¶¶ 19, 20. Plaintiff also makes an additional claim for past due compensation from Moto-Biz for his management services. Notwithstanding Plaintiff's individual claim against the corporation, the principal purpose of this litigation is to vindicate the rights of the corporation. The primary matter at issue—whether Defendant breached fiduciary duties and damaged the corporation—makes this case a shareholder derivative action brought by Plaintiff as a shareholder against Defendant in her capacity as an officer and a director.

In a shareholder derivative suit, because the plaintiff brings claims on behalf of the corporation, the general rule is that the corporation is properly aligned as a plaintiff. *Koster*, 330 U.S. at 522-23. But when officers or directors who exert control over the corporation are antagonistic to the suit, they may cause the corporation to act in a manner detrimental to the shareholder's interests. In that situation, courts should make an exception to the general rule and align the corporation as a defendant. *In re Digimarc Corp. Derivative Litigation,* 549 F.3d 1223, 1234-35 (9th Cir. 2008); *see Knop v. Mackall,* 645 F.3d 381, 382 (D.C. Cir. 2011) ("[T]he corporation in a shareholder derivative suit should be aligned as a defendant when the corporation is under the control of officers who are the target of the derivative suit."). "A corporation is generally antagonistic to the shareholder plaintiff where management is aligned against the stockholder and defends a course of conduct which he attacks." *Digimarc,* 549 F.3d at 1234-35 (quoting *Smith,* 354 U.S. at 95).

Conversely, courts do not find antagonism where the plaintiff, rather than the defendant, controls the corporation. *Id.* at 1237. Relevant to this litigation, "courts have generally not found antagonism where the corporation is structurally incapable of acting to bring suit against its officers and directors—where the corporation is deadlocked." *Id.* A corporation's mere inability to act because of a deadlock among corporate directors is not the equivalent of antagonism towards the plaintiff. *Duffey v. Wheeler*, 820 F.2d 1161, 1163 (11th Cir. 1987). When there is no antagonism, the general rule from *Koster* applies, and the corporation should be aligned as a plaintiff.

Here, Plaintiff and Defendant are each 50% shareholders, one-half of the directors, and one-half of the officers of Moto-Biz. Disagreements between Plaintiff and Defendant are the epitome of deadlock, and the foundation of Plaintiff's claims is that the directors of the corporation are deadlocked.[3] Even if there were no deadlock, Plaintiff cannot assert antagonism because he has solely managed the corporation's business affairs since 2011. Compl. ¶ 8. Because there is no antagonism between Plaintiff and Moto-Biz, the general rule from *Koster* applies, and Moto-Biz must be aligned as a plaintiff in this shareholder derivative suit.

The Court, therefore, properly realigns Moto-Biz as a plaintiff. After realigning the parties, the Court finds that complete diversity exists as both plaintiffs are Oregon citizens and Defendant is a California citizen. Thus, the Court has subject matter jurisdiction and removal by Defendant is proper.

---

[3] "The Company's directors are deadlocked in the management of the corporate affairs, the shareholders are unable to break the deadlock and irreparable injury to the corporation is threatened or being suffered, and the business and affairs of the corporation can no longer be conducted to the advantage of the shareholders generally, because of the deadlock." Compl. ¶ 25.

### III.     Plaintiff's Individual Claim for Past Due Salary

Although this case is brought as a shareholder derivative suit against Defendant, Plaintiff also makes a claim asking for past due salary from Moto-Biz. Compl. 27vi. Plaintiff appears to make this claim as an individual *against* the corporation. Plaintiff's individual claim against Moto-Biz cannot be maintained in this Court for three reasons.

First, as Defendant argues, Plaintiff's individual claim creates a conflict of interest that would disqualify him from representing Moto-Biz in the shareholder derivative suit. Shareholders may bring individual claims seeking compensation for injury in the same litigation as a shareholder derivative suit. See *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) ("[T]he mere presence of an injury to the corporation does not necessarily negate the simultaneous presence of an individual injury."). But while Plaintiff brings his claims on behalf of the corporation in his capacity as a shareholder, his claim against the corporation for past due salary is brought in his capacity as either an employee or an officer of the corporation. In addition, in a derivative suit, a plaintiff must fairly and adequately represent the interests of the shareholders. Fed. R. Civ. P. 23.1(a). Thus, a shareholder cannot bring an individual claim *against* a corporation when that claim is antagonistic to the interests the shareholder seeks to enforce on behalf of the corporation in a shareholder derivative suit. See *Guenther v. Pac. Telecom*, 123 F.R.D. 341, 346 (D. Or. 1987) ("[Plaintiff's] conflict of interest created by his private cause of action is sufficient to disqualify [plaintiff] as an adequate representative under Fed. R. Civ. P. 23.1."). Thus, Plaintiff cannot bring his individual claim against Moto-Biz for past due salary in the same litigation as the shareholder derivative suit that he brings on behalf of Moto-Biz.

Second, Defendant asserts that Plaintiff's claim against Moto-Biz cannot be maintained because Moto-Biz is a "fraudulently-joined defendant." Def. Brief 9. "Fraudulent joinder" is a

term of art that does not necessarily imply any intention to deceive by plaintiffs or their counsel. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Courts may find fraudulent joinder where a plaintiff fails to establish a cause of action against the joined defendant. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). In the other words, if the joined defendant cannot be found liable under any theory, the defendant has been fraudulently joined. *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018).

Plaintiff brings his claim for past due salary against Moto-Biz pursuant to Oregon state statute, Or. Rev. Stat. § ("O.R.S.") 60.952(2)(j). O.R.S. 60.952 describes remedies courts may order in actions brought by shareholders of close corporations when the directors are acting in an illegal, oppressive, or fraudulent manner, or are deadlocked in the management of corporate affairs. Plaintiff asserts that this Court may award him past due salary from Moto-Biz under O.R.S. 60.952(2)(j), which allows "[t]he award of damages to any aggrieved party." However, O.R.S. 60.952(2) remedies only apply to proceedings by *shareholders*.[4] *See Scallon v. Scott Henry's Winery Corp.*, 686 F. App'x. 495, 496 (9th Cir. 2017) ("A proceeding under [60.952(1)] is a proceeding by a shareholder alleging certain types of claims."). Plaintiff brings his claim for past due salary not as a shareholder, but rather in his capacity as either an officer or an employee of Moto-Biz. The Court does not address the merits of Plaintiff's individual claim that he is owed past due salary. The Court only holds that there is no legal basis for the claim under O.R.S. 60.952.[5]

---

[4] "In a proceeding by a *shareholder* in a corporation that does not have shares that are listed on a national securities exchange or that are regularly traded in a market . . . the [] court may order one or more of the remedies listed in subsection (2)[.]" O.R.S. 60.952(1) (emphasis added).
[5] The Court declines to address whether Plaintiff could recover past due salary by bringing an individual direct suit against Moto-Biz under other legal theories.

10 – OPINION & ORDER

Third, after the Court realigns the parties, it does not have diversity jurisdiction over the additional state law claim by Plaintiff against Moto-Biz under 28 U.S.C. § 1332. To have jurisdiction over that claim, the Court must have supplemental jurisdiction pursuant to 28 U.S.C. § 1367. It does not. 28 U.S.C. § 1367(b) prohibits supplemental jurisdiction over crossclaims by plaintiffs against other plaintiffs.[6] Because Plaintiff's claim for past due salary is against a co-plaintiff, it is a crossclaim, and the Court does not have supplemental jurisdiction. Thus, the Court does not have subject matter jurisdiction over this claim.

In summary, the Court holds that in essence, this case is a shareholder derivative suit in a close corporation where the directors and officers are deadlocked. Thus, the corporation is a real party of interest and should be aligned as a plaintiff. Because after realigning the parties, complete diversity exists between the plaintiffs and the defendant, the Court has subject matter jurisdiction and declines to remand the case. The additional claim by Plaintiff against the corporation cannot be maintained in this Court because (1) it creates a conflict that would prevent Plaintiff from adequately representing the corporation; (2) the claim is fraudulently joined because Plaintiff's theory under which the corporation is liable for past due salary is not legally plausible; and (3) the Court does not have supplemental jurisdiction under 28 U.S.C. § 1367(b) over the claim.

///

///

///

---

[6] "[T]he district court shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against person made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules[.]" 28 U.S.C. § 1367(b).

## CONCLUSION

The Court dismisses Plaintiff's individual claim against Moto-Biz, Inc. without prejudice. The Court retains subject matter jurisdiction under 28 U.S.C. § 1332 over the remaining shareholder derivative suit.

IT IS SO ORDERED.

DATED: __November 8, 2021__.

_____
MARCO A. HERNÁNDEZ
United States District Judge

12 – OPINION & ORDER