Shannon Armstrong, OSB No. 060113
shannon.armstrong@hklaw.com
Annie Banks, OSB No. 211947
annie.banks@hklaw.com
**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300
Fax: 503.241.8014

Attorneys for Third-Party Defendants
Kimberly Johnson &
R and K Vancouver Investments, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| REZA MOTAMENI, an individual, | Case No. 3:21-cv-01184-HZ |
| Plaintiff, | **THIRD-PARTY DEFENDANTS' MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE** |
| v. | |
| MELISSA ADAMS, an individual formerly known as Melissa Motameni, | |
| Defendant. | |
| and | |
| MOTO-BIZ, INC., an Oregon corporation, | |
| Nominal Defendant | |

Page 1 -   THIRD-PARTY DEFENDANTS' MOTION TO EXTEND
DISPOSITIVE MOTION DEADLINE

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97203
Telephone: 503.243.2300

MELISSA ADAMS, individually and
derivatively on behalf of MOTO-BIZ, INC.,
and Oregon corporation, MOJO BIZ, LLC, an
Oregon limited liability company, NOOR,
LLC, an Oregon limited liability company, and
LUCKY STRIKE NW, LLC, and Oregon
limited liability company

                Counterclaimants and
                Third-Party Plaintiffs,

v.

RAY MOTAMENI, an individual,
KIMBERLY JOHNSON, an individual,
and R AND K VANCOUVER
INVESTMENTS, LLC, an Oregon limited
liability company,

                Counterclaim Defendants and
                Third-Party Defendants.

## CERTIFICATE OF COMPLIANCE WITH LR 7-1

Pursuant to LR 7-1, counsel for Third-Party Defendants Kimberly Johnson and R and K

Vancouver Investments, LLC ("Third-Party Defendants") certify that they conferred with counsel

for Plaintiff Reza Motameni ("Motameni") and Defendant Melissa Adams ("Adams") regarding the

substance of this motion (the "Motion"). Motameni does not oppose and is in support of the Motion.

Adams would not agree to the Motion. (*See* Declaration of Annie Banks ("Banks Decl.") ¶¶ 2 & 5.)

## MOTION

Pursuant to Fed. R. Civ. P. 16 and LR 16-3(a), Third-Party Defendants move the Court for an

order extending the dispositive motion deadline by twelve days, to March 27, 2023.

On September 8, 2022, the Court entered a scheduling order setting the deadline for dispositive motions for March 1, 2023. (Dkt. # 61.) Oral argument on the dispositive motions was set for May 15, 2023 at 3:00 pm. (*Id.*)

On January 27, 2023, the Court held a discovery conference regarding Adams's responses to Third-Party Defendants' interrogatories (among other issues). (Banks Decl., Ex. 1.) The interrogatories ask Adams to identify with specificity the transactions, assets, and conduct underlying her allegations against Third-Party Defendants. (Banks Decl., Ex. 2.)

The Court ordered Adams to provide supplemental responses to Third-Party Defendants' interrogatories by February 15, 2023. (Transcript of Jan. 27, 2023 Conference at 18:11-17 (Dkt. # 78 ("Jan. 27 Tr.").)[1] The Court also ordered that discovery be completed by February 15, 2023, and moved the dispositive motion deadline to March 15, 2023. (Dkt. # 77.)

Adams did not provide supplemental interrogatory responses to Third-Party Defendants by February 15, 2023. (Banks Decl. ¶ 3.)

On February 17, 2023, after conferring with counsel for Adams, Third-Party Defendants requested a conference with the Court regarding Adams's failure to provide supplemental interrogatory responses. (*Id.* ¶ 4 & Ex. 3 at 4). Third-Party Defendants' sought relief as deemed appropriate by the Court under Fed. R. Civ. Pro. 37 given Adams's failure to comply with the Court's January 27 discovery order, and requested that the Court adjust the dispositive motion deadline. (Banks Decl., Ex. 3 at 4-5.)

///

---

[1] The Court ordered that "for those interrogatories in which the answers from the defendants are simply pointing to documents without explanation, the defendants either need to supplement their answers to those documents or point to where in those documents that the -- that the response from the defense perspective is satisfactory. In other words, tell us what page it is that you're referring to in there that satisfies the answer to the question that is being posed by the third-party defendants." (Jan. 27 Tr. at 9:12-19.)

HOLLAND & KNIGHT LLP
601 SW Second Avenue, Suite 1800
Portland, OR 97203
Telephone: 503.243.2300

On February 27, 2023, Adams provided supplemental interrogatory responses to Third-Party Defendants, and informed the Court of same. (*Id.*, Ex. 3 at 2.)[2]

On March 1, 2023, the Court asked the parties if the issues in Third-Party Defendants' February 17 request had been resolved. (Banks Decl., Ex. 3 at 2.) Third-Party Defendants replied the same day, noting their request for the Court to extend the dispositive motion deadline. (*Id.* at 1-2.) Third-Party Defendants requested that the dispositive motion deadline be extended by 12 days, to March 27, 2023, given that Adams's supplemental responses were provided 12 days later than the date ordered by the Court. (*Id.*) The Court instructed the parties to confer and file a motion. (*Id.* at 1.)

On March 1 & 2, counsel for the parties conferred regarding the Motion, among other issues. (*Id.* at 1; Banks Decl., Ex. 4) Counsel for Motameni was "in favor of" extending the dispositive motion deadline to March 27. (Banks Decl., Ex. 4 at 4.).

Adams's counsel stated that as to "[Third-Party Defendants'] request for an extension on the deadline: First, we don't need one." (*Id.* at 2 (emphasis added).). Adams's counsel claimed that the extension would be "prejudicial" to Adams because they had "deadlines on [sic] other matters that fall on that date," but did not explain why that would prevent their filing in this matter. (Banks Decl. ¶ 5 & Ex. 4 at 2.)[3] Adams's counsel asked that Third-Party Defendants request in their Motion an

---

[2] Adams's supplemental responses do not comply with the Court's instructions. *See* Jan. 27 Tr. at 8:15-17 ("simply pointing to a stack of documents and saying the answer is in those documents without further description is not adequate."); *compare* Banks Decl., Ex. 2 at 8 (Adams's supplemental response to Interrogatory No. 2 states in full: "Transactions are reflected in the following documents: Quickbooks, general business ledger entries and the back-up documents the court's ordered Plaintiff/Third-Party Defendants ("Plaintiff/TPD") to identify and provide to Defendant/Third-Party Plaintiffs involving transactions related to Mojo-Biz, Moto-Biz and R and K; Mojo-Biz, Moto-Biz, and R and K Tax returns, K-1s and 1099 and 1040 filings identify the above-described transactions; See exhibit 79; See also, TPD 000075, 559, 596, 614-615, and 609-612; Bobbie_Gardner_016436-016445; and See deposition exhibits 11, 12, 13, 16, 18, 19, 19A, 19B, 20, 20B, 23, 25A, 28, 29 38, 42, 43A, 45, 60, 60A, 62, 64, 69, 78, 79, 128, 129, 131, 133 and 223.").

Though not the subject of the present Motion, Third-Party Defendants expressly reserve their rights to seek relief as appropriate (*e.g.*, under Fed. R. Civ. Pro. 37) for Adams's failure to provide non-evasive and complete answers to these interrogatories.

            DISPOSITIVE MOTION DEADLINE

                                        **HOLLAND & KNIGHT LLP**
                                        601 SW Second Avenue, Suite 1800
                                        Portland, OR 97203
                                        Telephone: 503.243.2300

extension further out, such as in April 2023. (Banks Decl. ¶ 5.) Counsel for Third-Party Defendants explained that the extension of 12 days was based solely on how late Adams's supplemental interrogatory responses were, and thus that they did not want to ask for an extension of a longer time period. (*Id.*).[4] The parties were unable to resolve these issues via conferral. (*Id.*)

Good cause exists to extend the dispositive motion deadline from March 15 to March 27, 2023. Third-Party Defendants seek this extension due to Adams's supplemental responses not being provided until February 27, 2023, rather than as ordered by February 15, 2023. These supplemental responses provide Adams's answers as to the specific transactions, assets, and conduct underlying her allegations against Third-Party Defendants. This information is necessary for Third-Party Defendants' dispositive motion, as the Court previously noted.[5]

Third-Party Defendants request this extension solely due to Adams's supplemental discovery responses being served twelve days late. Third-Party Defendants seek no other scheduling change, and the requested extension fits with the current schedule for oral argument on May 15, 2023 (a dispositive motion deadline of March 27 would make response briefs due April 17 and reply briefs due May 1).

This motion is not intended for the purpose of delay and no party will be prejudiced by the granting of this motion. Plaintiff Motameni agrees to the extension. Defendant Adams confirmed

---

[3] Adams's counsel also stated that "March 27 falls in the middle of Oregon's long time scheduled Spring break week, so we have long time scheduled commitments based on the school schedule set by Oregon." (Banks Decl., Ex. 4 at 2.) It does not make sense that Spring break week would *not* prevent Adams's counsel from meeting the "deadlines in other matters" that they have on March 27, but would prevent them from complying with deadlines in this case.

[4] Third-Party Defendants are not opposed to the Court setting the dispositive motion deadline later than March 27.

[5] Opinion & Order, Aug. 25, 2022, at 24-26 (Dkt. # 58) (regarding Third-Party Defendants request for "Defendant to make her claims more definite and certain as to the the dates on which Third-Party Defendants allegedly took actions that give rise to the third-party claims": "Third-Party Defendants argue that definite dates are needed so that they may assert statute-of-limitations defenses. . . . Third-Party Defendant's 'recourse is to conduct discovery on the matter and bring a motion for summary judgment if it turns out that [Defendant's] claims are time-barred.'").

that she does not need an extension, meaning she anticipates having her dispositive motion ready by the current deadline of March 15, and can file it on March 27 (or earlier, should she choose). Though certain counsel for Adams has deadlines in other matters on March 27, they have not stated that all counsel is unavailable on March 27,[6] and have not explained why this would prevent counsel's nearly 200-attorney law firm from getting their filing in on March 27.

## CONCLUSION

For the aforementioned reasons, Third-Party Defendants respectfully request that the dispositive motion deadline be extended by 12 days to March 27, 2023.

Dated: March 3, 2023

Respectfully submitted,

HOLLAND & KNIGHT LLP


By: *s/ Annie Banks*
    Shannon Armstrong
    Email: shannon.armstrong@hklaw.com
    Annie Banks
    Email: annie.banks@hklaw.com
    601 SW Second Avenue, Suite 1800
    Portland, OR 97204
    Telephone: 503.243.2300
    Fax: 503.241.8014

    *Attorneys for Third-Party Defendants*
    *Kimberly Johnson & R and K Vancouver*
    *Investments, LLC*

---

[6] Mr. Workicho, who has appeared before the Court, appears to be available on March 27. (Banks Decl. ¶ 6.)

Page 6 -    THIRD-PARTY DEFENDANTS' MOTION TO EXTEND
           DISPOSITIVE MOTION DEADLINE

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97203
Telephone: 503.243.2300

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing THIRD-PARTY DEFENDANTS' MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE to be served on the following person[s]:

Nicholas Henderson nhenderson@portlaw.com

Janet Larsen larsenj@lanepowell.com; docketing-pdx@lanepowell.com; smithc@lanepowell.com

Brian Kiolbasa kiolbasab@lanepowell.com

Mohammed Workicho workichom@lanepowell.com

by the following indicated method or methods:

☑       by CM/ECF electronically mailed notice from the Court on the date set forth below.

☐       by mailing full, true and correct copies thereof in sealed, first-class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐       by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐       by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or their attorneys, on the date set forth below.

☐       by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

DATED March 3, 2023.


*s/ Annie Banks*
Annie Banks

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97203
Telephone: 503.243.2300